IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY L. STANTON,
    Plaintiff,

vs.                                        Case No. 3:12cv68/LC/CJK

STATE OF FLORIDA, et al.,
    Defendants.

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the Court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted.

    Plaintiff is a pre-trial detainee confined at the Escambia County Jail. (Doc. 1, p. 2). Plaintiff is awaiting trial on drug charge(s) filed in Escambia County Circuit Court Case Number 11-CF-5354. (*Id*., pp. 3-4). Plaintiff's claim here is that he was entrapped by Escambia County Sheriff's Deputy Jason Gilmore. (*Id*., pp. 5-6). As relief, plaintiff seeks "dismissal of criminal case." (*Id*., p. 7).

    Because plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The Court may dismiss the complaint if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The Court may also dismiss the complaint for failure to state a claim, if the complaint's factual allegations, on their face, show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

It is apparent from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this Court from considering plaintiff's claim. The Supreme Court held in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), that federal courts must abstain from interfering with pending state criminal proceedings absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if

abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Samuels v. Mackell*, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Plaintiff's allegations do not establish, or support an inference, that plaintiff's prosecution is motivated by bad faith. *See Trainor v. Hernandez*, 431 U.S. 434, 447, 97 S. Ct. 1911, 1919, 52 L. Ed. 2d 486 (1977); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. *See Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402, 61 S. Ct. 962, 967, 85 L. Ed. 1416 (1941) (holding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Kugler v. Helfant*, 421 U.S. 117, 123-25, 95 S. Ct. 1524, 1530-31, 44 L. Ed. 2d 15 (1975) (holding that irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (citing *Younger*, 401 U.S. at 46).

Moreover, plaintiff has an adequate state forum in which to raise his claim – he may assert his entrapment defense in his underlying state criminal proceeding. Because it appears from the face of plaintiff's complaint that the *Younger* abstention

doctrine bars this Court from interfering in plaintiff's state criminal proceeding, this case should be dismissed.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 16th day of February, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties</u>.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).